OPINION
{¶ 1} M. Wayne Forsyth is appealing from the decision of the trial court overruling his motion to vacate what he has alleged here and many times before to be a void judgment. The judgment he seeks to vacate is a final judgment and decree of divorce terminating his alleged common law marriage to plaintiff-appellee, Pauline H. Hall fka Forsyth, which was entered on September 20, 1995.
 {¶ 2} In his pro se brief in the current appeal he has again (seeHall v. Forsyth (June 26, 1998), Montgomery App. No. 17014) filed a brief that, contrary to the requirements of App.R. 16(A)(3) contains no statement of the assignments of error presented for review. He merely sets out five questions of law, for which the Ohio Rules of Appellate Procedure make no provision. Nevertheless, we glean from his brief the following assignment of error, which we formulate in order to review the appeal presented:
 {¶ 3} "THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT OVERRULED HIS MOTION TO VACATE A PRIOR JUDGMENT."
 {¶ 4} As we noted in a previous appeal filed by Forsyth, Forsythv. Dearth (June 4, 1999), Clark App. No. 98-CA-96:
 {¶ 5} "Mr. Forsyth is no stranger to this court. He has appealed to our court at least seven times in connection with the divorce action related to the instant case and in actions upon that judgment. Four of these appeals were dismissed. (Citations omitted). Three resulted in an opinion and a judgment. (Citations omitted). In addition, Forsyth has filed at least five original actions with this court in connection with the divorce and connected cases, all of which were dismissed. (Citations omitted). Forsyth has also appealed to this court twice in connection with a different divorce. (Citations omitted). In all these actions, Forsyth has acted pro se. Forsyth has also pursued eleven separate appeals to the Supreme Court, all of which have been dismissed. (Citations omitted)." Id. 2-4.
 {¶ 6} In ruling against Forsyth's claim that his divorce decree judgment was void, the Common Pleas Court in this case stated as follows:
 {¶ 7} "Mr. Forsyth `has failed to establish that the original divorce judgment was and is void. The errors that he claims, if demonstrated in a timely fashion through appeal or Civ.R. 60(B) motion, would simply render the judgment voidable. Such issue was finally resolved against him by direct appeal. Therefore, the existence of a common law marriage and the resultant divorce, division of property and monetary judgment are binding and enforceable.'" Forsyth v. Dearth [supra] at 18 and, again citing Dearth, the court added "nevertheless, once a case has been pursued to its conclusion, even the dissatisfied party must ultimately recognize when he has lost. The law does not permit him to file one lawsuit after another until he reaches the result he desires. Id." Doc. 11.
 {¶ 8} As we also stated in Dearth, supra, "we agree wholeheartedly with the foregoing. In this case, Forsyth is merely attempting to relitigate matters that have already been decided or claims that should have been raised in one of his earlier lawsuits. With any lawsuit, it is a rare thing when both parties are satisfied with the result. The law does not permit him to file one lawsuit after another until he reaches the result he desires. As is evident from the procedural history outlined above, this is what Mr. Forsyth has attempted to do. As the trial court recognized, the doctrine of res judicata is the proper antidote to that sort of behavior." Id., at 12. These statements by this court, Brogan, J. in Dearth, are fully applicable to the appeal presently before us. The trial court entered the only judgment it could upon the facts and law applicable to this case. Forsyth's assignment of error is overruled, and the judgment is affirmed. Mr. Forsyth is hereby cautioned that if he elects to resume his litigious ways on the same issue, he could be subject to sanctions as a vexatious litigator. R.C. 2323.52.
 {¶ 9} The judgment is affirmed.
WOLFF, P.J. and BROGAN, J., concur.